## MOSHER *v.* ST. LOUIS, I. M. & T. RY. CO.[1]

*(Circuit Court, E. D. Missouri. March 20, 1885.)*

CARRIERS OF PASSENGERS—PURCHASER OF RAILROAD TICKET BOUND TO COMPLY WITH ITS CONDITIONS.

A limited railroad ticket, by an express provision of a contract therein contained and signed by the purchaser, was good for a return trip, provided the purchaser identified himself to the "authorized agent" of the railroad at his destination, and the ticket was "officially signed, and dated in ink, and duly stamped by said agent." The purchaser presented himself at the proper office at a proper time, but the authorized agent was absent, and failed to appear before the train, which the holder of the ticket desired to take, started. He therefore proceeded on his return trip without complying with the condition, and presented said ticket to the conductor and explained said circumstances. The conductor refused to accept it and demanded the usual fare, which being refused, he removed the passenger from the train. *Held*, that such removal gave the holder of said ticket no cause of action.

Demurrer to Amended Petition.

The amended petition differs from the original (17 FED. REP. 880) in stating that the plaintiff presented himself and ticket at the business office of the defendant's "authorized agent" at Hot Springs, his

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

original destination, "*during business hours,* and a reasonable time before the time of departure of its train for St. Louis that plaintiff desired to take and did take, and was ready and willing, and then and there offered, to identify himself as the original purchaser of said ticket," etc., but that there was no authorized agent there, and that none appeared before the departure of the train which the plaintiff desired to and did take.

For opinion on motion to remand, see 19 FED. REP. 849.

*E. P. Johnson* and *William M. Eccles,* for plaintiff.

*Bennett Pike,* for defendant.

BREWER, J., (*orally.*) The question in this case has been argued the third time in this court. I do not see that this amended petition changes the substantial facts in any respect. It still appears, as heretofore, that the plaintiff purchased a ticket called a round-trip ticket from here to Hot Springs and return. That ticket contained an express contract, which in terms provided that it should be presented to the station agent at Hot Springs, and by him stamped upon the back, after being satisfied that the person presenting it was the person to whom the ticket was issued. It was a limited ticket with special rates. Upon that ticket the plaintiff went to Hot Springs, no objection being made. He was ready to return, but the agent not being present at the ticket office at Hot Springs, the ticket was not presented to him, the holder was not identified, nor the ticket stamped by him. With that ticket unstamped, without any identification, the plaintiff started to come back to St. Louis. He rode from Hot Springs to Malvern without objection, but from Malvern, coming this way, upon the Iron Mountain road, the conductor objected and refused to take that ticket. The plaintiff was removed from the train, and he brings this action to recover damages for the expulsion.

I dissent entirely from the construction placed upon the ticket by counsel at this time, and now for the first time. Heretofore it was conceded that the ticket required upon its face an indorsement stamped by the station agent at Hot Springs. This time counsel seems to claim that it did not require anything of the kind. I think it did. The language is plain.

The authorities which have been cited by counsel do not come up to this case, for here, when the plaintiff took that ticket he entered into an express contract. It is not a question of implied contract, or of rights independent of a contract. The plaintiff took that ticket, signing it at the time he took it, thereby creating an express contract between him and the railroad company, by which the ticket was to be good for a return passage when, and only when, indorsed by the agent at Hot Springs, and when the owner and holder had been identified there to his satisfaction. The conductor, when the ticket was presented, saw no stamp upon it. The plaintiff had not been identified, and the rules of the company, binding upon him as a conductor, required him to remove the party unless he paid his fare. Now, can

it be that the railroad company is responsible because the conductor did that which, by the rules of the company,—reasonable rules, too, —in pursuance of his duty, he ought to have done? Grant that there was an implied contract that the station agent should have been at the Hot Springs depot. If the plaintiff had sued for a breach of that contract, and had asked the amount which he was compelled to pay in order to purchase a return ticket, then a very different question would have arisen. But here he relies on the fact that the expulsion from the train was unlawful, because the conductor ought to have taken his statement instead of that evidence which was provided by the contract, viz., identification and the stamp of the agent at Hot Springs.

It certainly would introduce a very uncertain rule of procedure if a conductor could not rest upon the faith of the ticket which is presented to him; if he is bound to act as a judicial tribunal, and take testimony and inquire into the excuses or reasons for the non-perfection of a ticket which is presented to him. The party took the ticket upon the face of which was the express stipulation that before it should be good for a return passage the holder should be identified by the agent at Hot Springs, and he should stamp that ticket on the back. Now, the party says: "Why, I wanted to prove to the railroad conductor that I was the man—the party who took that ticket in the first instance." Can the courts cast upon the conductor the duty of entering upon a judicial investigation? Of course the conductor could not at the instant secure counter-testimony, and he would be bound to take the statement of the party as to the facts of the case independent of the express language of the ticket. I do not think that the conductor is bound to do anything of the kind. I think he has a right to rely upon the language of the contract as expressed in the ticket. If the party was injured by the negligence or wrong of somebody else, he should have paid his fare back and then sued to recover the amount which he had been compelled to pay owing to the omission, negligence, or misconduct of the agent at Hot Springs.

As I said, this is the third time this question has been presented by demurrer, and while the petition has been changed from time to time, yet the substantial facts still remain to-day as they were in the first instance. The demurrer will be sustained.

The party, of course, will have his exceptions. Judgment will be found for the defendant, and as the *ad damnum* clause is over $5,000, he can take it to the supreme court of the United States, and there settle the question which by it has not yet been determined definitely. It has been determined one way and another by the courts of the different states, but the question whether a conductor is justified in acting on the letter of the ticket presented to him, or is bound to take the statement of the passenger as to matters concerning which the ticket makes express provision, and whether, if he mistakes, the company is responsible, has not yet been settled by the supreme court of

the United States, but can be settled in this case if the plaintiff desires.

The demurrer will be sustained, and judgment entered for the defendant.